## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

ARTHUR W. LINZ and MERCHANDISING
DISPLAY CORPORATION,

     Plaintiffs,

v.

CASE NO.: 8:05-mc- 37-T 17 1 Gw

D. N.J. Case No:04-cv-00785-KSH-

CAMPBELL SOUP COMPANY, GAMON
INTERNATIONAL, INC., and JOHN DOES 1-10,
fictitious names of individuals and entities whose
present identities are unknown,

     Defendants.

_____/

### PUBLIX SUPER MARKETS, INC.'S MOTION TO QUASH SUBPOENA
### FOR DEPOSITION AND INCORPORATED MEMORANDUM OF LAW

Petitioner, PUBLIX SUPER MARKETS, INC. ("Publix"), by and through its undersigned attorney and pursuant to Federal Rule of Civil Procedure 45, moves this Court to quash the Subpoena for deposition duces tecum issued by Plaintiffs, ARTHUR W. LINZ and MERCHANDISING DISPLAY CORPORATION, and states:

1.    On March 24, 2005, without any effort to coordinate with the undersigned counsel, Plaintiffs served a Subpoena for deposition duces tecum on Publix, commanding Publix to produce documents and commanding a representative of Publix to appear for deposition at Plaintiffs' counsel's New Jersey office. (Exhibit A, attached hereto).

TXD 3/8/2
Hb 39

2.    Under Rule 45(b)(2), "a subpoena may be served at any place within the district of the court by which it is issued, or at any place without the district that is within 100 miles of the place of the deposition." Moreover, under Federal Rule of Civil Procedure 45(c)(3)(A)(ii), "the court by which a subpoena was issued shall quash or modify the subpoena if it ... requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person...."

3.    Publix is not a party to this action. Furthermore, as the subpoena indicates, Publix's corporate offices are located in Lakeland, Florida, far beyond the 100 mile scope allowed under Rule 45. As such, the Federal Rules of Civil Procedure do not require this nonparty witness to appear for deposition or produce records in New Jersey. See Rifkin/Miami Mgmt. Corp. v. Metropolitan Dade County, 1998 U.S. Dist. LEXIS 8949, *4 (N.D. Fla. April 27, 1998); Bonham v. Regions Mortgage, Inc., 2001 U.S. Dist. LEXIS 2823, *4 (N.D. Ala. January 19, 2001); In re: United States of America v. Ernstoff, 1998 U.S. Dist. LEXIS 21181, *4 (D.N.J. August 14, 1998).

4.    Because the entirety of the State of Florida is more than 100 miles from Westfield, New Jersey, the place where the deposition is to be held, the plain language of Rule 45 indicates that Publix, a nonparty, is outside the geographical area in which its attendance for deposition may be compelled. Accordingly, under Fed. R. Civ. P. 45, the subpoena must be quashed.

**WHEREFORE**, Publix Super Markets, Inc., respectfully requests this Court grant the instant motion and enter an Order quashing the subpoena issued by Plaintiffs.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished by U.S. Mail this 30th day of March, 2005 to:  Frank J. Chesky III, Esquire, 600 South Avenue West, Westfield, NJ 07090, attorney for Plaintiffs Linz and Merchandising Display Corp; Charles Caranicas, Esquire, 805 Third Ave., New York, NY 10022-2203, attorney for Defendant Gamon Int'l; Jonathan M. Korn, Esquire, Woodland Falls Corporate Park, 210 Lake Drive E., Suite 200, Cherryhill, NJ 08002-1164 and Stephanie Goeller, Esquire, 1600 Tysons Blvd., McLean, VA 22102, attorneys for Defendants Campbell Soup Company and Great Atlantic & Pacific Tea Company.

GRAYROBINSON, P.A.

MARK N. MILLER, ESQ.
Florida Bar No. 239216
KRISTIE HATCHER-BOLIN, ESQ.
Florida Bar No. 521388
One Lake Morton Drive
Lakeland, Florida 33803
(863) 284-2200
(863) 683-7462 Facsimile
Attorneys for Publix Super Markets, Inc.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA

#### SUBPOENA IN A CIVIL CASE

Arthur W. Linz and Merchandising Display Corporation,

Plaintiffs,

v.

Campbell Soup Company; Gamon International, Inc.; and John Does 1-10, fictitious names of individuals and entities whose present identities are unknown,

Defendants.

Case Number: 04-785 (FSH)[1]

Served A True Copy
Date 3-24-05  Time 3:45 AM PM
Served By S. Croft #242 or G. Croft #272
Certified Process Server
Sandra K. Croft
To: Joyce Parrish

TO:   Publix Super Markets Inc.
      3300 Airport Road
      Lakeland, FL 33811

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case. (See attached Schedule A for topic of examination).

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Lerner, David, Littenberg, Krumholz & Mentlik, LLP<br>600 South Avenue West<br>Westfield, NJ 07090 | April 22, 2005<br>9:30 a.m. |

☒ COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): (See attached Schedule B for list of documents).

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Lerner, David, Littenberg, Krumholz & Mentlik, LLP<br>600 South Avenue West<br>Westfield, NJ 07090 | April 22, 2005<br>9:30 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>Attorney for Plaintiffs | DATE<br>March 17, 2005 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER     Frank J. Chesky III, Esq.
Attorney for Plaintiffs Arthur W. Linz and Merchandising Display Corporation
Lerner, David, Littenberg, Krumholz & Mentlik, LLP
600 South Avenue West
Westfield, NJ 07090
Tel: 908 654 5000

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1]If action is pending in district other than district of issuance, state district under case number. (See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

456071 1.DOC

COURTESY PROCESS SERVERS
6800 BIRD ROAD #191
MIAMI, FLORIDA 33155
290-833-5451





EXHIBIT
A

## SCHEDULE A TO THE SUBPOENA

### INSTRUCTIONS

A.     The deponent will be deposed pursuant to Federal Rule of Civil Procedure 30(b)(6) on the list of subjects set forth below.

B.     The deponent is required, at least two (2) days prior to the deposition, to provide a written designation of the names, addresses and positions of the officers, directors, managing agents or other persons designated to testify concerning the matters set forth in this schedule, and for each person, the matters on which he or she will testify. The person(s) so designated must be the most qualified person(s) to testify on its behalf on such subject and must be able to testify fully as to the matters for which such person(s) is so designated.

C.     If the deponent, intentionally or otherwise, designates a witness who lacks knowledge of the matters specified in the notice, or if it does not designate such person(s) with sufficient knowledge to testify as to all matters listed, the deposing party may seek reimbursement of the expenses incurred in taking the deposition, including reasonable attorneys' fees, costs and expenses. If it appears that the witness designated by the deponent is unable to answer questions on matters specified in the deposition notice, the deponent must immediately designate a new witness.

## DEFINITIONS

A.   "Campbell" shall mean the Campbell Soup Company and any and all predecessors, successors, divisions or subsidiaries thereof, together with any and all controlling or affiliated companies or corporations, and all officers, directors, shareholders, employees, agents, representatives, counsel and all other persons acting or purporting to act or that had acted or purported to have acted on their behalf.

B.   "Gamon" shall mean Gamon International, Incorporated and any and all predecessors, successors, divisions or subsidiaries thereof, together with any and all controlling or affiliated companies or corporations, and all officers, directors, shareholders, employees, agents, representatives, counsel and all other persons acting or purporting to act or that had acted or purported to have acted on their behalf.

C.   "Publix" shall mean Publix Super Markets Inc. and any and all predecessors, successors, divisions or subsidiaries thereof, together with any and all controlling or affiliated companies or corporations, and all officers, directors, shareholders, employees, agents, representatives, counsel and all other persons acting or purporting to act or that had acted or purported to have acted on their behalf.

D.   The term "soup displays" means any and all gravity feed displays, including but not limited to any of the gravity feed displays manufactured, sold or used by Gamon and/or Campbell for selling soup at supermarkets, stores or retail outlets, and without limitation includes the iQ Shelf Maximizer Gravity Feed System family of products supplied, sold and used by Gamon, Campbell, and/or Publix.

## SUBJECTS FOR DEPOSITION

1.     Soup displays supplied by Campbell and/or Gamon.

2.     The volume of sales of soup or soup-related products sold at stores owned or operated by Publix, for the two-year period before the installation of soup displays supplied by Campbell and/or Gamon at such stores.

3.     The volume of sales of soup or soup-related products sold at stores owned or operated by Publix, for the two-year period after installation of soup displays supplied by Campbell and/or Gamon at such stores.

4.     All dealings between Campbell and/or Gamon, and Publix concerning soup displays.

5.     The identity of the manufacturer and/or supplier of soup or soup-related products other than those manufactuered and/or supplied by Campbell sold in any stores owned or operated by Publix using soup displays supplied to Publix by Campbell and/or Gamon.

6.     Knowledge of the documents produced pursuant to Schedule B.

550827_1.DOC

## SCHEDULE B TO THE SUBPOENA

### DEFINITIONS

A.    "Campbell" shall mean the Campbell Soup Company and any and all predecessors, successors, divisions or subsidiaries thereof, together with any and all controlling or affiliated companies or corporations, and all officers, directors, shareholders, employees, agents, representatives, counsel and all other persons acting or purporting to act or that had acted or purported to have acted on their behalf.

B.    "Gamon" shall mean Gamon International, Incorporated and any and all predecessors, successors, divisions or subsidiaries thereof, together with any and all controlling or affiliated companies or corporations, and all officers, directors, shareholders, employees, agents, representatives, counsel and all other persons acting or purporting to act or that had acted or purported to have acted on their behalf.

C.    "Publix" shall mean Publix Super Markets Inc. and any and all predecessors, successors, divisions or subsidiaries thereof, together with any and all controlling or affiliated companies or corporations, and all officers, directors, shareholders, employees, agents, representatives, counsel and all other persons acting or purporting to act or that had acted or purported to have acted on their behalf.

D.    The term "soup display" means any and all gravity feed displays, including but not limited to any of the gravity feed displays manufactured, sold or used by Gamon and/or Campbell for selling soup at supermarkets, stores or retail outlets, and without limitation includes the iQ Shelf Maximizer Gravity Feed System family of products supplied, sold and used by Gamon, Campbell, and/or Publix.

E.    The terms "and" and "or" shall be construed conjunctively and disjunctively so as to acquire the broadest meaning possible, and each shall include the other whenever such construction will serve to bring within the scope of these requests any information that would not otherwise be brought within their scope.

F.    The term "all" as used herein shall mean "any and all," and shall be construed so as to bring within the scope of the request any information that otherwise might be construed to be outside its scope.

G.    "Identify" shall mean:

      1.    With respect to a person, his or her name, his or her address and telephone number, his or her place of employment, and his or her job title;

      2.    With respect to a corporation or other legal entity, the full name, address, and state of incorporation thereof;

      3.    With respect to a document, the date prepared, the author(s), the recipient(s), the number of pages thereof, and any identification numbers, including Bates number, thereon.

H.    The term "document," whether singular or plural, has the same broad meaning as in Fed. R. Civ. P. 34, and includes the original, and every copy or draft that differs in any way from the original, of any written, recorded, or graphic matter in any and all media however produced or reproduced, including papers, films, magnetic tapes or storage devices, optical storage devices, digital storage devices, and all other methods for the expression or retention of information.

4508.77_1.doc

I.      A document or thing "relating to" or "concerning" any given subject matter, shall mean, without limitation, any document or communication that constitutes, comprises, concerns, contains, embodies, discusses, mentions, summarizes, describes, assesses, analyzes, evidences, memorializes, reflects, relates to, identifies, states, refers directly or indirectly to, or is in any way relevant, in whole or in part, to the particular subject matter identified.

## INSTRUCTIONS

A.      If any document to be identified by these requests is deemed to be privileged or otherwise immune from discovery, the following information shall be provided with respect to each such document:

1. The date of the document, but if no date appears thereon, the identification shall so state and shall list the date or approximate date on which such document was prepared;

2. A description of the general type of the document (*e.g.*, letter, memorandum, patent, printed publication, photograph, computer printout, report, invoice, sample, etc.) and the number of pages of which it consists;

3. The general subject matter of the document;

4. Each person indicated as or otherwise known to be an author, preparer, originator or sender of the document;

5. Each person indicated as an addressee, distributee or copy recipient, or otherwise known to have received a copy of the document;

6. The grounds upon which the claim of privilege or other immunity from discovery rests; and

7. Each request to which each withheld document is responsive.

B.    These requests shall be deemed continuing so as to require further and supplemental production if additional documents called for by these requests are obtained after the initial response and production.

C.    If Publix objects that a term or phrase is vague, ambiguous or indefinite, it is instructed to provide its understanding of the term or phrase, or what it believes to be a reasonable interpretation of the term or phrase, and respond in accordance with that understanding or interpretation. If Publix objects that a request is overbroad or to any extent beyond the scope of discovery, it is instructed to explain the manner and extent in which it is overbroad or beyond the scope of discovery, and to respond and produce documents to the extent in which it is not overbroad or beyond the scope of discovery. If Publix objects that a request is unduly burdensome, it is instructed to explain the manner and extent to which it is unduly burdensome, and to respond and produce documents to the extent in which it is not unduly burdensome. If Publix objects to only a portion of an document request, it is instructed to respond and produce documents with respect to the unobjected-to portion.

550677 1 doc

## DOCUMENTS TO BE PRODUCED

1.     All documents and things related to soup displays supplied to Publix by Campbell and/or Gamon.

2.     All documents and things relating to all meetings between Campbell and/or Gamon, and Publix concerning soup displays.

3.     All documents and things relating to presentations made to Publix by Campbell and/or Gamon concerning soup displays.

4.     All communications between Campbell and/or Gamon, and Publix concerning soup displays.

5.     All documents and things relating to any contracts or agreements between Campbell and/or Gamon, and Publix relating to soup displays.

6.     All documents and things relating to sales of soup or soup-related products in soup displays supplied to Publix by Campbell and/or Gamon.

7.     All documents and things relating to the sale of soup or soup-related products for the two-year period before installation of soup displays supplied to Publix by Campbell and/or Gamon.

8.     All documents and things relating to the sale of soup or related-products for the two-year period after installation of soup displays supplied to Publix by Campbell and/or Gamon.

550877 1 doc

D.    If a request calls for the identification of a document or writing which has been destroyed, placed beyond a Publix's possession, custody or control, or otherwise disposed of, set forth with respect to each such document or writing a brief, but complete, identification and description of the document or writing, including, as well, the following: (i) the identity of all individuals to whom the substance of the document or writing was transmitted, who saw such writing, or otherwise know any of its contents, and under what circumstances; (ii) the present location of the document or writing, if not destroyed; and (iii) the name, title, home and business address, and home and business telephone number of the person(s) currently having possession, custody or control of the document or writing, if not destroyed.

E.    Any documents produced for inspection should be produced as they are kept in the usual course of business, or organized and labeled to correspond to the categories in the interrogatories. Documents from any single file should be produced in the same order as they were found in such file. If copies of documents are produced in lieu of originals, such copies should be legible and bound or stapled in the same manner as the original.

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA

### SUBPOENA IN A CIVIL CASE

Arthur W. Linz and Merchandising Display Corporation,

    Plaintiffs,

Case Number: 04-785 (FSH)[1]

v.

Campbell Soup Company, Gamon International, Inc., and John
Does 1-10, fictitious names of individuals and entities whose present
identities are unknown,

    Defendants.

Served A True Copy
Date 3-24-05 Time 3:45 AM PM
Served By S. Croft #245 or G. Croft #272
Certified Process Server
*Barbra K. Croft*
To: Joyce Parrish

TO:    Publix Super Markets Inc
    3300 Airport Road
    Lakeland, FL 33811

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case. (See attached Schedule A for topic of examination).

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Lerner, David, Littenberg, Krumholz & Mentlik, LLP<br>600 South Avenue West<br>Westfield, NJ 07090 | April 22, 2005<br>9:30 a.m. |

☒ COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects) (See attached Schedule B for list of documents).

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Lerner, David, Littenberg, Krumholz & Mentlik, LLP<br>600 South Avenue West<br>Westfield, NJ 07090 | April 22, 2005<br>9:30 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Attorney for Plaintiffs | March 17, 2005 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Frank J. Chesky III, Esq.
Attorney for Plaintiffs Arthur W. Linz and Merchandising Display Corporation
Lerner, David, Littenberg, Krumholz & Mentlik, LLP
600 South Avenue West
Westfield, NJ 07090
Tel: 908 654 5000

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

COURTESY PROCESS SERVERS
6800 BIRD ROAD #191
MIAMI, FLORIDA 33155
350-835-5451



## SCHEDULE A TO THE SUBPOENA

### INSTRUCTIONS

A.      The deponent will be deposed pursuant to Federal Rule of Civil Procedure 30(b)(6) on the list of subjects set forth below.

B.      The deponent is required, at least two (2) days prior to the deposition, to provide a written designation of the names, addresses and positions of the officers, directors, managing agents or other persons designated to testify concerning the matters set forth in this schedule, and for each person, the matters on which he or she will testify. The person(s) so designated must be the most qualified person(s) to testify on its behalf on such subject and must be able to testify fully as to the matters for which such person(s) is so designated.

C.      If the deponent, intentionally or otherwise, designates a witness who lacks knowledge of the matters specified in the notice, or if it does not designate such person(s) with sufficient knowledge to testify as to all matters listed, the deposing party may seek reimbursement of the expenses incurred in taking the deposition, including reasonable attorneys' fees, costs and expenses. If it appears that the witness designated by the deponent is unable to answer questions on matters specified in the deposition notice, the deponent must immediately designate a new witness.

## DEFINITIONS

A.    "Campbell" shall mean the Campbell Soup Company and any and all predecessors, successors, divisions or subsidiaries thereof, together with any and all controlling or affiliated companies or corporations, and all officers, directors, shareholders, employees, agents, representatives, counsel and all other persons acting or purporting to act or that had acted or purported to have acted on their behalf.

B.    "Gamon" shall mean Gamon International, Incorporated and any and all predecessors, successors, divisions or subsidiaries thereof, together with any and all controlling or affiliated companies or corporations, and all officers, directors, shareholders, employees, agents, representatives, counsel and all other persons acting or purporting to act or that had acted or purported to have acted on their behalf.

C.    "Publix" shall mean Publix Super Markets Inc. and any and all predecessors, successors, divisions or subsidiaries thereof, together with any and all controlling or affiliated companies or corporations, and all officers, directors, shareholders, employees, agents, representatives, counsel and all other persons acting or purporting to act or that had acted or purported to have acted on their behalf.

D.    The term "soup displays" means any and all gravity feed displays, including but not limited to any of the gravity feed displays manufactured, sold or used by Gamon and/or Campbell for selling soup at supermarkets, stores or retail outlets, and without limitation includes the iQ Shelf Maximizer Gravity Feed System family of products supplied, sold and used by Gamon, Campbell, and/or Publix.

## SUBJECTS FOR DEPOSITION

1.    Soup displays supplied by Campbell and/or Gamon.

2.    The volume of sales of soup or soup-related products sold at stores owned or operated by Publix, for the two-year period before the installation of soup displays supplied by Campbell and/or Gamon at such stores.

3.    The volume of sales of soup or soup-related products sold at stores owned or operated by Publix, for the two-year period after installation of soup displays supplied by Campbell and/or Gamon at such stores.

4.    All dealings between Campbell and/or Gamon, and Publix concerning soup displays.

5.    The identity of the manufacturer and/or supplier of soup or soup-related products other than those manufactuered and/or supplied by Campbell sold in any stores owned or operated by Publix using soup displays supplied to Publix by Campbell and/or Gamon.

6.    Knowledge of the documents produced pursuant to Schedule B.

\\\\833_1.DOC

## SCHEDULE B TO THE SUBPOENA

### DEFINITIONS

A.   "Campbell" shall mean the Campbell Soup Company and any and all predecessors, successors, divisions or subsidiaries thereof, together with any and all controlling or affiliated companies or corporations, and all officers, directors, shareholders, employees, agents, representatives, counsel and all other persons acting or purporting to act or that had acted or purported to have acted on their behalf.

B.   "Gamon" shall mean Gamon International, Incorporated and any and all predecessors, successors, divisions or subsidiaries thereof, together with any and all controlling or affiliated companies or corporations, and all officers, directors, shareholders, employees, agents, representatives, counsel and all other persons acting or purporting to act or that had acted or purported to have acted on their behalf.

C.   "Publix" shall mean Publix Super Markets Inc. and any and all predecessors, successors, divisions or subsidiaries thereof, together with any and all controlling or affiliated companies or corporations, and all officers, directors, shareholders, employees, agents, representatives, counsel and all other persons acting or purporting to act or that had acted or purported to have acted on their behalf.

D.   The term "soup display" means any and all gravity feed displays, including but not limited to any of the gravity feed displays manufactured, sold or used by Gamon and/or Campbell for selling soup at supermarkets, stores or retail outlets, and without limitation includes the iQ Shelf Maximizer Gravity Feed System family of products supplied, sold and used by Gamon, Campbell, and/or Publix.

E. The terms "and" and "or" shall be construed conjunctively and disjunctively so as to acquire the broadest meaning possible, and each shall include the other whenever such construction will serve to bring within the scope of these requests any information that would not otherwise be brought within their scope.

F. The term "all" as used herein shall mean "any and all," and shall be construed so as to bring within the scope of the request any information that otherwise might be construed to be outside its scope.

G. "Identify" shall mean:

  1. With respect to a person, his or her name, his or her address and telephone number, his or her place of employment, and his or her job title;

  2. With respect to a corporation or other legal entity, the full name, address, and state of incorporation thereof;

  3. With respect to a document, the date prepared, the author(s), the recipient(s), the number of pages thereof, and any identification numbers, including Bates number, thereon.

H. The term "document," whether singular or plural, has the same broad meaning as in Fed. R. Civ. P. 34, and includes the original, and every copy or draft that differs in any way from the original, of any written, recorded, or graphic matter in any and all media however produced or reproduced, including papers, films, magnetic tapes or storage devices, optical storage devices, digital storage devices, and all other methods for the expression or retention of information.

I.      A document or thing "relating to" or "concerning" any given subject matter, shall mean, without limitation, any document or communication that constitutes, comprises, concerns, contains, embodies, discusses, mentions, summarizes, describes, assesses, analyzes, evidences, memorializes, reflects, relates to, identifies, states, refers directly or indirectly to, or is in any way relevant, in whole or in part, to the particular subject matter identified.

## INSTRUCTIONS

A.      If any document to be identified by these requests is deemed to be privileged or otherwise immune from discovery, the following information shall be provided with respect to each such document:

> 1. The date of the document, but if no date appears thereon, the identification shall so state and shall list the date or approximate date on which such document was prepared;
>
> 2. A description of the general type of the document (*e.g.*, letter, memorandum, patent, printed publication, photograph, computer printout, report, invoice, sample, etc.) and the number of pages of which it consists;
>
> 3. The general subject matter of the document;
>
> 4. Each person indicated as or otherwise known to be an author, preparer, originator or sender of the document;

5. Each person indicated as an addressee, distributee or copy recipient, or otherwise known to have received a copy of the document;

6. The grounds upon which the claim of privilege or other immunity from discovery rests; and

7. Each request to which each withheld document is responsive.

B.    These requests shall be deemed continuing so as to require further and supplemental production if additional documents called for by these requests are obtained after the initial response and production.

C.    If Publix objects that a term or phrase is vague, ambiguous or indefinite, it is instructed to provide its understanding of the term or phrase, or what it believes to be a reasonable interpretation of the term or phrase, and respond in accordance with that understanding or interpretation. If Publix objects that a request is overbroad or to any extent beyond the scope of discovery, it is instructed to explain the manner and extent in which it is overbroad or beyond the scope of discovery, and to respond and produce documents to the extent in which it is not overbroad or beyond the scope of discovery. If Publix objects that a request is unduly burdensome, it is instructed to explain the manner and extent to which it is unduly burdensome, and to respond and produce documents to the extent in which it is not unduly burdensome. If Publix objects to only a portion of an document request, it is instructed to respond and produce documents with respect to the unobjected-to portion.

%%0671 1.6w2

## DOCUMENTS TO BE PRODUCED

1.    All documents and things related to soup displays supplied to Publix by Campbell and/or Gamon.

2.    All documents and things relating to all meetings between Campbell and/or Gamon, and Publix concerning soup displays.

3.    All documents and things relating to presentations made to Publix by Campbell and/or Gamon concerning soup displays.

4.    All communications between Campbell and/or Gamon, and Publix concerning soup displays.

5.    All documents and things relating to any contracts or agreements between Campbell and/or Gamon, and Publix relating to soup displays.

6.    All documents and things relating to sales of soup or soup-related products in soup displays supplied to Publix by Campbell and/or Gamon.

7.    All documents and things relating to the sale of soup or soup-related products for the two-year period before installation of soup displays supplied to Publix by Campbell and/or Gamon.

8.    All documents and things relating to the sale of soup or related-products for the two-year period after installation of soup displays supplied to Publix by Campbell and/or Gamon.

552477  1.dsc

D.     If a request calls for the identification of a document or writing which has been destroyed, placed beyond a Publix's possession, custody or control, or otherwise disposed of, set forth with respect to each such document or writing a brief, but complete, identification and description of the document or writing, including, as well, the following: (i) the identity of all individuals to whom the substance of the document or writing was transmitted, who saw such writing, or otherwise know any of its contents, and under what circumstances; (ii) the present location of the document or writing, if not destroyed; and (iii) the name, title, home and business address, and home and business telephone number of the person(s) currently having possession, custody or control of the document or writing, if not destroyed.

E.     Any documents produced for inspection should be produced as they are kept in the usual course of business, or organized and labeled to correspond to the categories in the interrogatories. Documents from any single file should be produced in the same order as they were found in such file. If copies of documents are produced in lieu of originals, such copies should be legible and bound or stapled in the same manner as the original.

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

ARTHUR W. LINZ and MERCHANDISING
DISPLAY CORPORATION,

      Plaintiffs,

v.                                                CASE NO.:  8:05-mc-_____

                                       D. N.J. Case No:04-cv-00785-KSH-

CAMPBELL SOUP COMPANY, GAMON
INTERNATIONAL, INC., and JOHN DOES 1-10,
fictitious names of individuals and entities whose
present identities are unknown,
_____/

## ORDER

      THIS  CAUSE  came  before  the  Court  on  Petitioner's,  PUBLIX  SUPER

MARKETS, INC. ("Publix"), Motion to Quash Subpoena for Deposition.

      Having reviewed the subpoena and Motion to Quash, and being otherwise fully

advised in the matter, it is hereby ORDERED  AND  ADJUDGED  that the  Motion to

Quash is GRANTED.

      DONE and ORDERED in Tampa, Florida, this _____ day of April, 2005.


                                     _____

                                     United States District Judge